IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRAXCELL TECHNOLOGIES, LLC., <br><br> Plaintiff, <br><br> v. <br><br> FLIGHTAWARE LLC, <br><br> Defendant | Civil Action No. 4:22-cv-03258 <br><br><br> **JURY TRIAL DEMANDED** |

### FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Traxcell Technologies, LLC ("Traxcell" or "Plaintiff"), files this Complaint for Patent Infringement and demand for jury trial seeking relief from patent infringement by Flightaware LLC ("Flight Aware" or "Defendant"), alleging infringement of the claims of U.S. Patent No. 10,820,147 (the "patent-in-suit"), and would respectfully show the Court as follows:

### PARTIES

1. Plaintiff is a Texas Limited Liability Company, with its principal place of business located at Traxcell Technologies LLC, 617 North 4th Street, Suite "S," Waco, Texas 76701.

2. On information and belief, Defendant is a Texas corporation with a principal address of 11 Greenway Plaza, Suite 2900, Houston, Texas 77046, and has regular and established places of business, including at least at 11 Greenway Plaza, Suite 2900 Houston, Texas 77046. *See* https://flightaware.com/about/contact/. Defendant is registered to do business in Texas and may be served via its registered agent The Corporation Trust Company, located at 1999 Bryan Street, Suite, 900 Dallas, Texas 75201, at its place of business, or anywhere else it may be found.

1

3. On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in the United States, including in the Southern District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## JURISDICTION

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. This United States District Court for the Southern District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

6. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

7. Defendant has committed acts of infringing the patent-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patent-in-suit, including without limitation products made by practicing the claimed methods of the patent-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other

persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

8. This Court has personal jurisdiction over Defendant pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District.  This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Southern District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Southern District of Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at 11 Greenway Plaza, Suite 2900, Houston, Texas 77046, and directly and through agents regularly does, solicits, and transacts business in the Southern District of Texas. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patent-in-suit.  Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

9. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising with this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

10. The amount in controversy exceeds $75,000 exclusive of interests and costs.

11. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District.

## THE PATENT-IN-SUIT

12. On October 27, 2020, United States Patent No. 10,820,147 ("the '147 patent"), entitled "Mobile wireless device providing off-line and on-line geographic navigation information" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). On October 3, 2016, the '147 patent was duly and lawfully conveyed to Traxcell Technologies, LLC, including all rights, title, and interest in and to the invention of the '147 patent and its underlying patent applications, including the right to sue and recover for patent infringements, by written assignments recorded on February 12, 2020 in the United States Patent and Trademark Office. The '147 patent claims patent-eligible subject matter and is valid and enforceable. Traxcell is the exclusive owner by assignment of all rights, title, and interest in the '147 patent, including the right to bring this suit for damages, and including the right to sue and recover all past, present, and future damages for infringement of the '147 patent. Defendant is not licensed to the '147 patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '147 patent whatsoever. A true and correct copy of the '147 patent is attached hereto as **Exhibit A**.

13. The '147 patent is referred to herein as the "patent-in-suit."

14. Plaintiff Traxcell is the owner of the entire right, title, and interest in and to the patent-in-suit. The patent-in-suit is presumed valid under 35 U.S.C. § 282.

**ACCUSED INSTRUMENTALITIES**

15. The term "Accused Instrumentalities" or "Accused Products" refers to, by way of example and without limitation, FlightAware's technology platform for connecting consumers with flight tracking information (*see, e.g.*, https://flightaware.com/).

16. FlightAware controls and operates a "[f]ree, live flight tracker and flight status app from FlightAware for Android!" The app provides real-time flight status and a live flight track of any commercial flight worldwide. *See* https://play.google.com/store/apps/details?id=com.flightaware.android.liveFlightTracker&hl=en_US&gl=US.

17. FlightAware's technology platform connects with and controls mobile devices that have the FlightAware Android application installed thereon. For example, FlightAware controls the mobile devices in order to collect location, personal information, device id, and device "Contacts" to facilitate FlightAware's system features that include, but are not limited to, sending flight alerts, real-time push notifications, airport delays, and nearby flights. *Id.*





18.     FlightAware uses all elements of the claimed invention of the patent-in-suit because FlightAware and its software utilized in its technology platform control and benefit from each element during the use of the system.

## COUNT I
## PATENT INFRINGEMENT OF THE '147 PATENT

19.     Plaintiff restates and realleges the preceding paragraphs of this Complaint as if fully set forth herein.

20.     Defendant has, under 35 U.S.C. §271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '147 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Products including but not limited to U.S. wireless networks, wireless-network components, and related services that use identified locations of wireless devices to provide direction.

21. For example, FlightAware controls and operates a wireless communication system. This is illustrated, for example, in the following illustrative images from FlightAware's website and marketing materials.



22. Additionally, FlightAware's system includes a first radio-frequency transceiver within a wireless mobile communications device and an associated first antenna to which the first radio-frequency transceiver is coupled, wherein the first radio-frequency transceiver is configured for radio-frequency communication with a wireless communications network. *See* Ex. A at 1-8.

7

23. Additionally, FlightAware's system includes a first processor within the wireless mobile communications device coupled to the at least one first radio- frequency transceiver programmed to receive information indicative of a location of the wireless mobile communications device and generate an indication of a location of the wireless mobile communications device with respect to geographic features according to mapping information stored within the wireless mobile communications device. *Id.* At 9-11.

24. As another example, FlightAware's first processor determines user navigation information and displays the user navigation information according to the location of the wireless mobile communications device with respect to the geographic features and a destination specified at the wireless mobile communications device.





25. As another example, FlightAware's first processor further sends the user navigation information to the network as a number of segments.



26. As another example, at least one other processor outside the network updates the user navigation information in conformity with traffic congestion information accessible to the at least one other processor outside the network by computing a numerical value for the segments corresponding to the expected time to travel through the segments and updates the user navigation information in conformity with the numerical values for the segments, and sends the updated user navigation information to the wireless mobile communications device.



27.     Additionally, FlightAware's system includes at least one second radio-frequency transceiver and an associated at least one second antenna of the wireless communications network to which the second radio-frequency transceiver is coupled, a second processor coupled to the at least one second radio-frequency transceiver programmed to acquire the information indicative of a location of the wireless mobile communications device. *See* Ex A. at 18-23.

28.     As another example, FlightAware's second processor selectively acquires the information indicative of a location of the wireless mobile communications device dependent on the setting of preference flags, wherein the second processor acquires the information indicative of a location of the wireless mobile communications device if the preference flags are set to a state that permits tracking of the wireless mobile communications device, and wherein the second processor does not acquire the information indicative of the location of the wireless mobile

11

communications device if the preference flags are set to a state that prohibits tracking of the wireless mobile communications device.



29. On information and belief, Defendant has made no attempt to design around the claims of the '147 patent.

30. On information and belief, Defendant did not have a reasonable basis for believing that the claims of the '147 patent were invalid.

31. On information and belief, Defendant's Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

32. Traxcell has been damaged as the result of Defendant's infringement.

33. The claim chart attached hereto as **Exhibit B** describes how the elements of an exemplary claim 1 from the '147 patent are infringed by the Accused Products. This provides

details regarding only one example of Defendant's infringement, and only as to a single patent claim. Plaintiff reserves its right to amend and fully provide its infringement arguments and evidence thereof until its Preliminary and Final Infringement Contentions are later produced according to the court's scheduling order in this case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Traxcell respectfully requests the following relief:

A. A judgment that Defendant has directly infringed either literally and/or under the doctrine of equivalents the patent-in-suit;

B. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284 including past damages based on, *inter alia*, any necessary compliance with 35 U.S.C. §287, and supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

C. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

D. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

E. A judgment and order awarding Plaintiff costs associated with bringing this action; and

F. Such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMANDED

Pursuant to FED. R. CIV. P. 38, Plaintiff Traxcell hereby demands a trial by jury on all issues so triable.

Dated: April 5, 2023                                 Respectfully submitted,
                                                    **Ramey LLP**

                                                 By: */s/ William P. Ramey, III*
                                                    William P. Ramey, III
                                                    Texas Bar No. 24027643
                                                    5020 Montrose Blvd., Suite 800
                                                    Houston, Texas 77006
                                                    (713) 426-3923 (telephone)
                                                    (832) 900-4941 (fax)
                                                    wramey@rameyfirm.com

                                                    *Attorneys for Traxcell Technologies, LLC*